UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION



---

BRIAN EVANS,

Plaintiff,

v.

CERBERUS CAPITAL MANAGEMENT, L.P.;

RALPH DE LA TORRE;

MEDICAL PROPERTIES TRUST, INC.,

Defendants.

---

Case No.: 0:25-cv-62282-AHS

---

SUPPLEMENT TO FIRST AMENDED COMPLAINT

1

(Pursuant to Fed. R. Civ. P. 15(d))

(Jurisdiction and Venue)

—

Plaintiff Brian Evans, proceeding pro se, submits this Supplement to the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d). This Supplement is submitted to clarify and supplement jurisdictional and venue allegations identified by the Court. It relies on publicly known facts and information confirmed after the filing of the First Amended Complaint. This Supplement does not assert new causes of action.

—

PARTIES

1.  Plaintiff Brian Evans is a natural person and a citizen of the State of Florida, residing in Hallandale Beach, Broward County, Florida.

2.  Defendant Cerberus Capital Management, L.P. ("Cerberus") is a Delaware limited partnership that conducts nationwide and international investment and asset-management activities, including substantial business operations purposefully directed toward the State of Florida.

3. Defendant Ralph De La Torre is a natural person who, at all relevant times, exercised executive control over healthcare entities operating in multiple states, including Florida, and who maintains deliberate Florida contacts as alleged herein.

4. Defendant Medical Properties Trust, Inc. ("MPT") is a publicly traded real estate investment trust engaged in the ownership, financing, and control of healthcare facilities nationwide, including facilities and operations located in Florida.

—

## SUBJECT MATTER JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

6. Plaintiff is a citizen of Florida. Defendants are citizens of states other than Florida.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

—

## PERSONAL JURISDICTION – CERBERUS CAPITAL MANAGEMENT, L.P.

8. Cerberus has purposefully availed itself of the State of Florida through direct and indirect business activities, including operations conducted through affiliated entities.

9. Cerberus operates through Cerberus Capital Florida, LLC, an affiliated entity maintaining an office at 2850 Tigertail Avenue, Suite 550, Miami, Florida 33133, from which investment, lending, and portfolio-management activities are conducted.

3

10. Upon information and belief, senior Cerberus investment professionals and managing directors operate from or through the Miami, Florida office and participate in investment decision-making, financing approvals, and portfolio oversight affecting Cerberus-controlled healthcare assets.

11. Cerberus has completed and managed investments involving Florida-based businesses and assets, including companies with significant Florida operations, demonstrating continuous and systematic Florida contacts.

12. Multiple Cerberus-affiliated entities are registered to do business in Florida and maintain Florida registered agents, reflecting an ongoing and deliberate commercial presence in the state.

13. Cerberus has retained Florida-based counsel to defend this action and other related matters, further evidencing its deliberate engagement with this forum.

14. Plaintiff's claims arise out of or relate to Cerberus's Florida-directed conduct, satisfying both Florida's long-arm statute and constitutional due process.

—

PERSONAL JURISDICTION – RALPH DE LA TORRE

15. Defendant Ralph De La Torre served as Chief Executive Officer and controlling executive of Steward Health Care System and related entities.

16. Under de la Torre's leadership, Steward owned and operated Rockledge Regional Medical Center, a licensed hospital located in Rockledge, Florida.

17. Operation of a Florida hospital required continuous executive-level decision-making, including financial approvals, staffing decisions, regulatory compliance, and contractual relationships governed by Florida law.

18. De La Torre exercised direct executive authority over these Florida operations and approved or ratified conduct affecting the Florida facility.

19. De La Torre has retained two Florida attorneys at Dimond Kaplan & Rothstein, P.A., located at 2665 South Bayshore Drive, PH-2B, Coconut Grove, Florida 33133, including Alexander Manuel Peraza and David Alan Rothstein, to represent him in this action.

20. De La Torre's Florida contacts were purposeful, continuous, and foreseeable, and he should reasonably anticipate being haled into court in Florida.

—

PERSONAL JURISDICTION – MEDICAL PROPERTIES TRUST, INC.

21. MPT owns, finances, and leases healthcare facilities located in Florida, deriving substantial revenue from Florida-based assets.

22. MPT exercises centralized financial control over its healthcare properties, including lease structuring, capital allocation, and operational constraints that directly affect Florida facilities.

23. MPT has retained Florida-based counsel, including Armstrong Teasdale LLP, located at 355 Alhambra Circle, Suite 1250, Coral Gables, Florida 33134, to represent its interests.

24. Plaintiff's claims arise out of or relate to MPT's Florida-based operations and financial decision-making.

—

## VENUE

25. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because:

a. Defendants conduct regular business activities in Florida;

b. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in or were directed toward Florida;

c. Defendants maintain offices, agents, facilities, and counsel within this District.

26. Venue is also proper under § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District.

—

## GOOD FAITH SUPPLEMENT

27. This Supplement is submitted in good faith to cure jurisdictional and venue deficiencies identified by the Court and to ensure a complete and accurate pleading record.

28. This Supplement is intended to be read together with and incorporated into the First Amended Complaint.

—

Respectfully submitted,

Brian Evans

Plaintiff, Pro Se

2080 S. Ocean Drive #1505

Hallandale Beach, Florida 33009

(954) 214-3076

Dated: December 12, 2025

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 12, 2025, a true and correct copy of the foregoing Supplement to First Amended Complaint (Jurisdiction and Venue) was served by U.S. Mail upon the following:

Cerberus Capital Management, L.P.

c/o Registered Agent

7

1209 Orange Street

Wilmington, DE 19801


Ralph De La Torre

c/o Alexander Manuel Peraza, Esq.

Dimond Kaplan & Rothstein, P.A.

2665 South Bayshore Drive, PH-2B

Coconut Grove, FL 33133


Ralph De La Torre

c/o David Alan Rothstein, Esq.

Dimond Kaplan & Rothstein, P.A.

2665 South Bayshore Drive, PH-2B

Coconut Grove, FL 33133


Medical Properties Trust, Inc.

c/o Glen H. Waldman, Esq.

Armstrong Teasdale LLP

355 Alhambra Circle, Suite 1250

Coral Gables, FL 33134

_____

Brian Evans

8

Plaintiff, Pro Se

Brian Evans

Plaintiff, Pro Se

2080 S. Ocean Drive #1505

Hallandale Beach, Florida 33009

(954) 214-3076



BRIAN EVANS
(954) 214-3076
#1505
2080 S OCEAN DR
HALLANDALE BEAC FL 33009

0.5 LBS LTR
SHP WT: LTR
DATE: 12 DEC 2025

SHIP WILKIE D FERGUSON JR US COURTHOUSE
TO: CLERK OF THE COURT
RM 8N09
400 N MIAMI AVE

MIAMI FL 33128-1805

FL 330 9-03

UPS EARLY

TRACKING #: 1Z 361 E83 15 4490 8811

1+

BILLING: P/P

FILED BY _____ D.C.

DEC 15 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

REF #1: SP