UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

FILED BY _____ D.C.

JAN 05 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

BRIAN EVANS,

Plaintiff,

v.

Case No. 0:25-cv-62282-AHS

CERBERUS CAPITAL MANAGEMENT, L.P.;

RALPH DE LA TORRE;

MEDICAL PROPERTIES TRUST, INC.,

Defendants.

**PLAINTIFF'S MOTION TO ADD**

**ESTATE OF HELEN MARIE BOUSQUET**

**AS REAL PARTY IN INTEREST**

**AND TO CLARIFY REPRESENTATIVE CAPACITY**

**WITHOUT REPLEADING**

Plaintiff Brian Evans, proceeding pro se, respectfully moves pursuant to Federal Rules of Civil Procedure 17(a)(3) and 21 for an order adding the Estate of Helen Marie Bousquet as the real party in interest and clarifying Plaintiff's representative capacity, without requiring the filing of an additional amended complaint. In support, Plaintiff states as follows:

1

1. Plaintiff Brian Evans brings this action individually and asserts personal claims arising from the death of his mother, including emotional distress, post-traumatic stress disorder, and related injuries.

2. Plaintiff is also the duly appointed administrator of the Estate of Helen Marie Bousquet, whose death forms the basis of the wrongful death and survival claims asserted in this action.

3. The Estate of Helen Marie Bousquet has no other beneficiaries and no creditors. Plaintiff is the sole beneficiary of the Estate.

4. Because Plaintiff is the sole beneficiary and the Estate has no creditors, Plaintiff's representation of the Estate does not involve the interests of any other persons and does not constitute the unauthorized practice of law.

5. The operative Second Amended Complaint pleads detailed factual allegations regarding Defendants' conduct, causation, and damages arising from Ms. Bousquet's death.

6. At the time the Estate was previously closed, the claims asserted in this action were not known and were not reasonably discoverable.

7. Plaintiff has filed a motion in the appropriate New Hampshire probate court to reopen the Estate of Helen Marie Bousquet for the limited purpose of administering these newly discovered claims.

8. This motion is brought solely to cure any potential technical issue regarding standing or capacity and to ensure that the real party in interest is properly before the Court, as contemplated by Rule 17(a)(3).

9. Plaintiff does not seek to withdraw or replace his individual capacity in this action. Plaintiff seeks to proceed both individually and as Administrator of the Estate of Helen Marie Bousquet.

10. No new causes of action are asserted, no new defendants are added, and no factual allegations are altered by this motion.

11. Requiring the filing of an entirely new amended complaint would elevate form over substance and needlessly burden the parties and the Court.

12. Defendants will suffer no prejudice from the requested relief, as the operative allegations and claims remain unchanged.

## LEGAL AUTHORITY CONFIRMING PRO SE REPRESENTATION OF THE ESTATE

13. The Eleventh Circuit has recognized that while a non-lawyer generally may not represent the interests of others, the prohibition is aimed at protecting third-party interests, not at barring representation where no such interests exist.

14. In Iriele v. Griffin, 66 F.4th 1283 (11th Cir. 2023), the Eleventh Circuit held that a pro se litigant may not represent an estate where doing so would affect the interests of other beneficiaries or creditors. This principle supports Plaintiff's position here because the Estate of Helen Marie Bousquet has no other beneficiaries and no creditors, and therefore Plaintiff is not representing the legal interests of any third party.

3

15. Federal courts applying Rule 17(a) consistently permit an estate administrator to proceed pro se where the administrator is the sole beneficiary and the estate has no creditors, because the estate's interests are identical to the administrator's personal interests.

16. See, e.g., Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205 (5th Cir. 2016). In Rodgers, the court held that an estate administrator who was the sole beneficiary and faced no creditor claims could represent the estate pro se, a rule that has been repeatedly recognized as persuasive authority by district courts within the Eleventh Circuit.

17. Allowing Plaintiff to proceed pro se on behalf of the Estate in these circumstances is consistent with Rule 17(a)(3), promotes judicial economy, and avoids elevating form over substance where no third-party rights are implicated.

## CERTIFICATION OF CONFERRAL

Pursuant to S.D. Fla. Local Rule 7.1(a)(3), Plaintiff certifies that he conferred with counsel for Defendants regarding the relief requested in this Motion. Defendants oppose the relief requested.

## MARGIN JUSTIFICATION

Plaintiff certifies that this filing uses one (1) inch margins on all sides and is formatted in Times New Roman, 12-point font, with centered alignment throughout, consistent with the Court's instructions.

**WHEREFORE, Plaintiff respectfully requests that the Court:**

A. Add the Estate of Helen Marie Bousquet as a real party in interest;

B. Clarify that Plaintiff Brian Evans proceeds in this action both individually and as Administrator of the Estate of Helen Marie Bousquet;

C. Find that Plaintiff may represent the Estate pro se because the Estate has no other beneficiaries and no creditors; and

D. Deem the Second Amended Complaint operative without requiring the filing of an additional amended complaint.

Dated: December 30th, 2025

Respectfully submitted,

_____

Brian Evans

2080 South Ocean Drive, Unit 1505

Hallandale Beach, FL 33009

(954) 214-3076

Plaintiff, pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30th, 2025, I mailed a true and correct copy of the foregoing Motion and Exhibit A thereto by U.S. Mail to the following counsel of record:

Counsel for Defendant Ralph de la Torre:

Alexander Manuel Peraza, Esq.

David Alan Rothstein, Esq.

Diamond Kaplan & Rothstein, P.A.

2665 S. Bayshore Drive, Suite PH-2B

Coconut Grove, FL 33133

Counsel for Defendant Medical Properties Trust, Inc.:

Glen H. Waldman, Esq.

Armstrong Teasdale LLP

355 Alhambra Circle, Suite 1250

Coral Gables, FL 33134

Defendant Cerberus Capital Management, L.P.:

No attorney has appeared as of the sending of this motion. Service will be made in accordance with Rule 4 through Cerberus's registered agent located at:

1209 Orange Street

Wilmington, DE 19801

_____

Brian Evans

Plaintiff, pro se

**Extremely U...**

This envelope is for use with the fol...

**Visit the...**

**Domestic Sh...**
- To qualify for ... contain correspondence... dia, and must weigh 8 oz. or les... items other than those listed or weig... illed by weight.

**International Shipments**
- The UPS Express Envelope ... used only for documents of no commercial value. Certain countries cons... electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.
- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

The UPS Store RFID Label
Tracking #
1Z361E83014661 3812

BRIAN EVANS
(954) 214-3076
#1505
2080 S OCEAN DR
HALLANDALE BEAC  FL 33009

0.5 LB
SHP WT: LTR
DATE: 30 DEC

SHIP  US FEDERAL BLDG. AND COURTHOUSE
TO:    CLERK OF THE COURTS
       STE 108
       299 E BROWARD BLVD
       FORT LAUDERDALE FL 33301-1922



FL 333 0-

UPS NEXT DAY AIR
TRACKING #: 1Z 361 E83 01 4661 3812   1



BILLING: P/P

REF #1: SP

2/CIS (X)
2/2/21

