## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **BRIAN EVANS,** | |
| Plaintiff, | |
| v. | Case No. 0:25-CV-62282-AHS |
| **CERBERUS CAPITAL MANAGEMENT, L.P.,** *et al.*, | **MOTION TO DISMISS** |
| Defendants. | |

### DEFENDANT CERBERUS CAPITAL MANAGEMENT, L.P.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 3

I.      Plaintiff's Claims Have Already Been Adjudicated In Two Prior Actions ......................... 3

II.     The Refiled Complaint Seeks To Relitigate Plaintiff's Prior Lawsuits ............................. 4

ARGUMENT .......................................................................................................................... 6

I.      The Doctrine Of Res Judicata Bars All Of Plaintiff's Claims ........................................... 6

        a.   Claim Preclusion ............................................................................................... 7

        b.   Issue Preclusion ............................................................................................... 10

II.     All Of Plaintiff's Causes Of Action Are Time-Barred ...................................................... 12

III.    Plaintiff's Causes Of Action Are Insufficient As A Matter Of Law ................................. 13

        a.   Plaintiff's Negligence And Wrongful Death Claims Fail Because The Alleged
             Misconduct Took Place After Plaintiff's Mother Died ................................................ 13

        b.   Plaintiff Has No Claim For Negligent Or Intentional Infliction Of Emotional Distress 16

IV.     Plaintiff Has No Basis To Pierce Steward's Corporate Veil To Hold Cerberus Liable ...... 18

CONCLUSION ....................................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ......................................................................................13

*Connolly v. Woburn Public Schs.*,
659 F. Supp. 3d 92 (D. Mass. 2023) .............................................................17

*Elliott-Lewis v. Lab'ys*,
378 F. Supp. 3d 67 (D. Mass. 2019) .............................................................16

*Bagley v. Moxley*,
407 Mass. 633 (Mass. 1990) ...........................................................................7

*Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*,
57 F. Supp. 3d 1358 (M.D. Fla. 2014) ............................................................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................................................13

*Bradley v. Wells Fargo Bank, N.A.*,
663 F. App'x 4 (1st Cir. 2016) ......................................................................17

*Cardillo v. Zyla*,
486 F.2d 473 (1st Cir. 1973) .........................................................................11

*CSX Transp., Inc. v. General Mills, Inc.*
846 F.3d 1333 (11th Cir. 2017) .......................................................................6

*Dacruz-Crossely v. U.S. Bank Nat. Ass'n*,
926 F. Supp. 2d 405 (D. Mass. 2013) ..........................................................6, 9

*Dewberry Grp., Inc. v. Dewberry Eng'rs Inc.*,
604 U.S. 321 (2025) ......................................................................................14

*Fabiano v. Philip Morris USA Inc.*,
492 Mass. 361 (Mass. 2023) .........................................................................12

*Freni v. Uber Techs., Inc.*,
103 Mass. App. Ct. 1116 (Mass. App. Ct. 2023) .........................................14

*In re Fundamental Long Term Care, Inc.*,
507 B.R. 359 (Bankr. M.D. Fla. 2014) .........................................................20

*Gaines v. General Motors Corp.*,
   789 F. Supp. 38 (D. Mass. 1991) ................................................................15, 16

*Geigel v. Boston Police Dept.*,
   2024 WL 68387 (D. Mass. Jan. 5, 2024) ..............................................................14

*Gentili v. Sturbridge*,
   104 Mass. App. Ct. 1122 (Mass. App. Ct. Sept. 19, 2024)...................................9

*Giragosian v. Ryan*,
   547 F.3d 59 (1st Cir. 2008) .....................................................................................7

*Gonzalez-Gonzalez-Jimenez de Ruiz v. United States*,
   231 F. Supp. 2d 1187 (M.D. Fla. 2002) ...............................................................12

*Heinrich ex rel. Heinrich v. Sweet*,
   49 F. Supp. 2d 27 (D. Mass. 1999) ..........................................................16, 17, 18

*Hilliard v. Gutierrez*,
   2021 WL 2712122 (S.D. Fla. July 1, 2021) ............................................................6

*Hutchins v. Shatz, Schwartz and Fentin, P.C.*,
   494 B.R. 108 (Bankr. D. Mass. 2013) ..................................................................12

*J.S.H. v. Newton*,
   654 F. Supp. 3d 7 (D. Mass. 2023) .......................................................................12

*Jeffers v. Kerzner Int'l Hotels Ltd.*,
   319 F. Supp. 3d 1267 (S.D. Fla. 2018) .................................................................12

*Lewis v. Seneff*,
   654 F. Supp. 2d 1349 (M.D. Fla. 2009) .................................................................6

*United States ex rel. Lokosky v. Acclarent, Inc.*,
   270 F. Supp. 3d 526 (D. Mass. 2017) ...................................................................18

*Malaro v. Wilkie*,
   640 F. Supp. 3d 192 (D. Mass. 2022) ............................................................19, 20

*Mancuso v. Kinchla*,
   60 Mass. App. Ct. 558 (Mass. App. Ct. 2004).......................................................7

*Martinez v. Waldstein*,
   89 Mass. App. Ct. 341 (Mass. App. Ct. 2016).....................................................11

*McLeod v. Fessenden Sch.*,
   624 F. Supp. 3d 45 (D. Mass. 2022) .....................................................................13

*Merritt v. Knowles,*
    2025 WL 1952035 (M.D. Fla. July 16, 2025) .......................................................................13

*Mullins v. Corcoran,*
    488 Mass. 275 (Mass. Super. Ct. 2021) .............................................................................9

*Navarro v. Burgess,*
    99 Mass. App. Ct. 466 (Mass. App. Ct. 2021) ...............................................................13

*Newbauer v. Carnival Corp.,*
    2 F.4th 931 (11th Cir. 2022) .............................................................................................19

*Oginsky v. Paragon Properties of Costa Rica, LLC,*
    784 F. Supp. 2d 1353 (S.D. Fla. 2011) .............................................................................20

*Padmanabhan v. Hulka,*
    308 F. Supp. 3d 484 (D. Mass. 2018) ...............................................................................9

*In re Raymond,*
    529 B.R. 455 (Bankr. D. Mass. 2015) .............................................................................18

*Reed v. U.S. Postal Servs.,*
    2007 WL 9701800 (S.D. Fla. July 23, 2007) ...................................................................5

*Saade v. Wilmington Trust, Nat'l Ass'n,*
    494 Mass. 1013 (Mass. 2024) ........................................................................................10

*Salvati v. Fireman's Fund Ins. Co.,*
    368 F. Supp. 3d 85 (D. Mass. 2019) ...............................................................................10

*Silva v. City of New Bedford,*
    677 F. Supp. 2d 367 (D. Mass. 2009) ...............................................................................7

*Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos,*
    605 U.S. 280 (2025) .........................................................................................................14

*State Police for Automatic Ret. Ass'n v. Difava,*
    164 F. Supp. 2d 141 (D. Mass. 2001) ...............................................................................7

*Syncora Guarantee Inc. v. J.P. Morgan Secs. LLC,*
    110 A.D.3d 87 (1st Dep't 2013) ........................................................................................9

*TechTarget, Inc. v. Spark Design, LLC,*
    746 F. Supp. 2d 353 (D. Mass. 2010) .........................................................................19, 20

*U.S. Golf Learning Inst., LLC v. Club Mgrs. Ass'n of America,*
    2012 WL 768201 (M.D. Fla. Mar. 9, 2012) ...................................................................10

*Vargas-Colón v. Fundación Damas, Inc.*,
  864 F.3d 14 (1st Cir. 2017).................................................................................10, 11

*Waldron v. Waldron*,
  97 Mass. App. Ct. 1104 (Mass. App. Ct. Feb. 28, 2020)......................................7, 11

**Statutes**

28 U.S.C. § 1738 (1982) ..............................................................................................6

Fla. Stat. § 95.11(3)(n) ...............................................................................................13

Fla. Stat. § 95.11(5)(a) ...............................................................................................13

Mass. Gen. Laws ch. 229, § 2 .............................................................................. *passim*

Mass. Gen. Laws ch. 260, § 2(A) ...............................................................................12

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(6) .................................................1, 13, 14

Defendant Cerberus Capital Management, L.P. ("Cerberus"), through undersigned counsel, respectfully moves for an order dismissing Plaintiff Brian Evans's Second Amended Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

This is Plaintiff's second action against Cerberus for the alleged wrongful death of his mother in 2012—the first of which was dismissed a decade ago—and his third lawsuit to recover for his loss in general. Plaintiff first sued in federal court in 2013 against Cerberus and Ralph de la Torre, and then again in Massachusetts state court in 2015 (against others)—both actions resulting in final judgments against him. Now, over twelve years later, Plaintiff attempts to take a third bite at the apple on an impossible theory of liability that seeks to hold Cerberus, de la Torre, and Medical Properties Trust ("MPT") liable based on a supposed connection between the death in 2012, on one hand; and an alleged pattern of financial "extraction" from a healthcare entity, including a transaction that defendants carried out in 2016—*four years after that death*—that left the hospital where she died allegedly underfunded. The Court should dismiss Cerberus, a former shareholder of the non-party healthcare entity, from the action for multiple, independently sufficient reasons.

*First*, claim and issue preclusion bar all of Plaintiff's claims: negligence, gross negligence, wrongful death, negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED"). As noted, this is the third, flawed action Plaintiff has filed in connection with his mother's death. Both prior lawsuits reached a final resolution on the merits, and thus any

---

[1] Cerberus is cognizant of Judge Singhal's Notice of Court Practice entered on 12/9/2025, which requires Defendants to file joint motions with co-parties unless there are clear conflicts of position. A separate motion here is warranted because: (1) Defendants each played a different role in the transaction at issue; (2) Defendants have different corporate relationships with Steward, and thus Cerberus's arguments with respect to Plaintiff's alter ego allegations are unique; and (3) Cerberus, but not all Defendants, was named in prior lawsuits concerning the events at issue, and thus Cerberus has unique arguments with respect to claim and issue preclusion.

1

future recovery based on these same and similar causes of action is definitively foreclosed according to well-settled principles of claim and issue preclusion.

In *Evans v. Cerberus*, Plaintiff sued Cerberus, de la Torre, Holy Family Hospital, Steward Health Care System LLC (collectively with other Steward entities, "Steward"), several other medical care entities, Stryker, Stryker Orthopedics Corp., several doctors, and several John Does. The court dismissed his complaint because he improperly brought his claims under the Massachusetts wrongful death statute—under which causes of action belong exclusively to the decedent's executor or administrator—in his "individual capacity." Order, DE 256, *Evans v. Cerberus Capital Management, L.P., et al*., 13-CV-13271-GAO (D. Mass. Sept. 24, 2014) ("Dismissal Order").

Then, in *Evans v. Marvin*, Plaintiff filed suit again against Steward Health Care System LLC, Steward Medical Group, Inc., Holy Family Hospital, other medical entities, and the treating doctor and nurses. The court granted a directed verdict with respect to the Steward parties, and the jury found in favor of all remaining defendants. Endorsement, *Evans v. Marvin, et al.*, Civil Action No. 1577-CV-00569 (Mass. Super. Ct. Sept. 7, 2018); Judgment on Jury Verdict, *Evans*, Civil Action No. 1577-CV-00569, Dkt. No. 95 (Mass. Super. Ct. Sept. 17, 2018). That decision was affirmed on appeal. *Evans v. Marvin*, 100 Mass. App. Ct. 1114, at *4 (Mass. App. Ct. Nov. 22, 2021).

***Second***, each of Plaintiff's claims was time-barred long ago because the applicable limitations periods under Massachusetts or Florida law have all passed. Under Massachusetts law, Plaintiff had three years to bring all his claims. Under Florida law, the statute of limitations is two years for wrongful death, negligence, and NIED claims, and four years for IIED claims.

***Third***, even setting aside these determinative threshold deficiencies, the Complaint fails to plead facts that would support any claim. Plaintiff does not (and cannot) claim that Cerberus recklessly or negligently caused his mother's death, because the alleged misconduct—a series of

financial transactions he contends left Steward's hospitals underfunded—took place at least *four* years after his mother died. Plaintiff's vague assertions of a pattern of hospital underfunding do not approach an adequate allegation of causation. Even assuming the truth of Plaintiff's allegations, no facts are pled that could, if proven, connect the supposed finances of the hospital (at the time Plaintiff's mother passed away) and the death. The claims sounding in negligence and wrongful death should thus be dismissed for failure to plead the elements of those claims.

Additionally, Plaintiff has not met his burden of pleading NIED, which requires allegations of physical injury to Plaintiff. Similarly, he has failed to plead anything that could be the basis for IIED, which requires proof of extreme and outrageous conduct intolerable in civilized society.

***Lastly***, even if the Court were to find that Plaintiff has stated a claim against non-party Steward (he does not), Plaintiff fails to allege any basis sufficient to pierce Steward's corporate veil to hold Cerberus liable.

## **BACKGROUND**

### I.    **Plaintiff's Claims Have Already Been Adjudicated In Two Prior Actions**

In 2013, Plaintiff filed suit against Cerberus, Steward Health Care System LLC, Holy Family Hospital, Stryker, Stryker Orthopedics Group, Ralph de la Torre, several doctors, and several John Does. Compl., DE 13, *Evans v. Cerberus Capital Management, L.P., et al*., 1:13-CV-00267-SOM-BMK (D. Haw. June 17, 2013).[2] The complaint alleged that the defendants' poor management of the hospital caused his mother's death and asserted causes of action for wrongful death under Mass. Gen. Laws ch. 229, § 2, IIED, loss of consortium, and loss of love. *Id.* The complaint named Cerberus as a defendant because it allegedly "own[ed] all Defendants." *Id.* The court dismissed his complaint because Plaintiff improperly brought claims under the wrongful death statute in his "individual

---

[2] This action was subsequently transferred to the District of Massachusetts. Order, DE 148, *Evans*, No. 13-CV-00267.

capacity," when the statute only allows for a cause of action brought by the decedent's executor or administrator. Dismissal Order, DE 256, *Evans*, 13-CV-13271-GAO.

In 2015, Plaintiff filed a second suit in Massachusetts state court, this time in his capacity as executor of his mother's estate, against Steward Health Care System LLC, Steward Medical Group, Inc., Holy Family Hospital, Orthopaedics Northeast, P.C., and the treating doctor and nurses. Compl., *Evans*, Civil Action No. 1577-CV-00569, Dkt. No. 1 (Mass. Super. Ct. Apr. 13, 2015). His complaint stated forty causes of action, including wrongful death under Mass. Gen. Laws ch. 229, § 2, negligence, recklessness, and medical malpractice. *Id.* The court granted a directed verdict with respect to the Steward parties, and the jury delivered a verdict in favor of all remaining defendants. Endorsement, *Evans*, Civil Action No. 1577-CV-00569; Judgment on Jury Verdict, *Evans*, Civil Action No. 1577-CV-00569, Dkt. No. 95. Plaintiff's appeal to the Massachusetts Appeals Court was unsuccessful.

## II.     The Refiled Complaint Seeks To Relitigate Plaintiff's Prior Lawsuits

On November 10, 2025, Plaintiff refiled this action as a third attempt to obtain damages related to his mother's death well over a decade ago, now in the Southern District of Florida, DE 1, along with an emergency motion for pre-judgment attachment and accompanying affidavit. DE 4, 8. On November 25, 2025, the Court denied Plaintiff's request for a pre-judgment attachment. DE 13. On December 2, 2025, Plaintiff moved for reconsideration, DE 20, but the Court again denied his request. DE 23. On December 10, 2025, Judge Singhal dismissed Plaintiff's complaint *sua sponte* for failure to allege diversity jurisdiction or venue. DE 43.

On December 12, 2025, Plaintiff filed an Amended Complaint, DE 48, followed by a "Supplement" to said Complaint on December 16, 2025. DE 52. Instructed by the Court to consolidate, Plaintiff filed the operative Complaint on December 18, 2025. DE 61. On December 30, 2025, the undersigned appeared on behalf of Cerberus. DE 70. The Complaint's allegations are:

4

On October 5, 2012,[3] Plaintiff's mother "was admitted to Holy Family Hospital in Methuen, Massachusetts, which at the time was owned and operated by Steward." Compl. at 6. Cerberus was a shareholder of Steward. According to Plaintiff, the hospital's failure to provide his mother with "adequate monitoring or timely medical intervention" proximately caused her death. *Id.* at 7, 11.

Plaintiff alleges that, years after his mother's death, from 2016 onward, Defendants engaged in negligent and/or reckless financial misconduct by participating in a series of transactions that left Steward undercapitalized and understaffed, thereby creating dangerous conditions for patients at Steward's hospitals. *Id.* at 6–10. On nearly every page of his Complaint, Plaintiff makes vague, overbroad allegations, using group pleading, that Defendants "extracted" sums of money from Steward for "dividends, real-estate extraction schemes, insider bonuses, and personal enrichment." *Id.* at 2, 6–13. However, the only transaction he identifies is a 2016 sale-leaseback agreement (the "Sale-Leaseback Agreement") between Steward and MPT, a transaction that Cerberus allegedly "designed." *Id.* at 8–9. Plaintiff also alleges that he was diagnosed with Post-Traumatic Stress Disorder ("PTSD") because of his recent trauma caused by learning about these apparent "financial schemes and their connection to his mother's death." *Id.* at 2.

Plaintiff alleges the following claims against all Defendants: negligence (Count I), gross negligence (Count II), wrongful death (Count III), NIED (Count IV), IIED (Count V). The Complaint also alleges that Cerberus is Steward's alter ego because Cerberus, with other Defendants,

---

[3] After twice amending his Complaint in this action, Plaintiff omits the date and other details surrounding his mother's hospitalization, treatment, and death, perhaps to evade dismissal on the grounds that there is no conceivable causal nexus between her death on October 5, 2012, and any alleged financial transactions years later. It is appropriate for this Court to take judicial notice of facts alleged in the earlier complaint and consider them on this motion to dismiss without converting it into a motion for summary judgment. *See Reed v. U.S. Postal Servs.*, 2007 WL 9701800, at *3 n.7 (S.D. Fla. July 23, 2007).

"operated Steward Health Care as a unified financial enterprise" and because Cerberus's leadership "overlapped" with Steward's operations. *Id.* at 9.

## ARGUMENT

### I.     The Doctrine Of Res Judicata Bars All Of Plaintiff's Claims

Two courts in Massachusetts, in separate state and federal actions, have already dismissed Plaintiff's claims. The doctrine of res judicata bars Plaintiff from relitigating his claims here.

Courts apply "federal common law" to determine the preclusive effect of a prior federal court judgment. *Hilliard v. Gutierrez*, 2021 WL 2712122, at *4 (S.D. Fla. July 1, 2021) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.*; *CSX Transp., Inc. v. General Mills, Inc.* 846 F.3d 1333, 1340 (11th Cir. 2017). The same rule applies in determining the preclusive effect of prior state court judgments: the full faith and credit provision of 28 U.S.C. § 1738 (1982) requires federal courts to give a "state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Lewis v. Seneff*, 654 F. Supp. 2d 1349, 1357 (M.D. Fla. 2009). Therefore, Massachusetts rules of preclusion apply here.[4] *See Dacruz-Crossely v. U.S. Bank Nat. Ass'n*, 926 F. Supp. 2d 405, 407 (D. Mass. 2013) ("In federal courts, Massachusetts law governs the preclusive effect of prior Massachusetts state court judgments.").

---

[4] Even if this Court determined that Florida rules of preclusion apply, the outcome would be the same. "[A] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." *Beepot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1369 (M.D. Fla. 2014).

"The term 'res judicata' includes both claim preclusion and issue preclusion[.]" *Mancuso v. Kinchla*, 60 Mass. App. Ct. 558, 564 (Mass. App. Ct. 2004). Both claim preclusion and issue preclusion independently bar Plaintiff's claims here.

### a.   Claim Preclusion

"The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Bagley v. Moxley*, 407 Mass. 633, 637 (Mass. 1990). Claim preclusion requires "(1) a final judgment on the merits in [the first] action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both the earlier and later suits." *Mancuso*, 60 Mass. App. Ct. at 567.

Massachusetts courts find "[c]auses of action [to be] identical if they 'derive [ ] from the same transaction or series of connected transactions.'" *Giragosian v. Ryan*, 547 F.3d 59, 63 (1st Cir. 2008). Privity "represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion[.]" *State Police for Automatic Ret. Ass'n v. Difava*, 164 F. Supp. 2d 141, 149 (D. Mass. 2001).[5] Claim preclusion, or more specifically, the related rule against claim splitting, "states that the entry of a 'valid and final judgment extinguishes . . . all rights of a plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Waldron v. Waldron*, 97 Mass. App. Ct. 1104, at *2 (Mass. App. Ct.

---

[5] Cerberus and de la Torre were named in the prior federal action, but not in the prior state court action. However, Plaintiff's loss at trial in the state court action is also preclusive because the related doctrine of non-mutual claim preclusion allows "a party not involved in the earlier action [to] deflect [the subsequent] lawsuit because he should have been, but was not, included in the earlier suit . . . Likewise, non-mutual claim preclusion prevented suit against [] a defendant who, as plaintiff recognized in the first suit, could have been added through an amendment to the complaint (though plaintiff ultimately chose not to do so)[.]" *Silva v. City of New Bedford*, 677 F. Supp. 2d 367, 370 (D. Mass. 2009).

Feb. 28, 2020). This principle applies "even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action." *Id.*

On May 28, 2013, Plaintiff filed suit against Cerberus and de la Torre in the District of Hawaii under the Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2. Compl., DE 13, *Evans*, 1:13-CV-00267-SOM-BMK. The case was later transferred to the District of Massachusetts, which dismissed the complaint and opined that the statute:

> provides for a single action brought by the decedent's executor or administrator[,] . . . [who] presents all claims by the designated beneficiaries for damages flowing from the wrongful death. *Hallet v. Town of Wrentham*, 499 N.E.2d 1189, 1192 (Mass. 1986). There is no independent cause of action that may be brought by individual persons suing in their own right. *Id.* (citing *Gaudette v. Webb*, 284 N.E.2d 222, 226 (Mass. 1972)).

Dismissal Order at 2, *Evans*, 13-CV-13271-GAO. Accordingly, the Massachusetts District Court dismissed Count I, wrongful death, and Count II, personal injury resulting in death (both of which fell under the wrongful death statute) for failure to state a claim because Plaintiff impermissibly filed them in his individual capacity. *Id.* at 3.

Then, in 2015, Plaintiff filed suit again, this time in Massachusetts state court and in his capacity as executor of his mother's estate. Compl., *Evans*, Civil Action No. 1577-CV-00569, Dkt. No. 1. His complaint stated forty causes of action against several plaintiffs, including Steward Medical Group, Inc., Steward Health Care System LLC, Holy Family Hospital, and the doctors and nurses involved his mother's treatment. *Id.* Following trial, the court granted a directed verdict for the Steward parties. Endorsement, *Evans*, Civil Action No. 1577-CV-00569.

Given that these two prior cases resulted in final judgments against him, Plaintiff's attempt to refile this action in the Southern District of Florida should not be countenanced. Indeed, Plaintiff's new Complaint fails under each of the three claim preclusion requirements.

8

*First*, Plaintiff named Cerberus as a defendant in his prior action in the District of Massachusetts, and again names Cerberus as a Defendant here. While Cerberus was not named in the state court action, Plaintiff alleges that Cerberus is so closely related to Steward that it should be treated as Steward's alter ego, effectively pleading himself out of court. Compl. at 9–10; *see Mullins v. Corcoran*, 488 Mass. 275, 290 (Mass. Super. Ct. 2021) (holding that plaintiff, as shareholder in a closely held corporation, was in privity with said corporation and thus precluded from bringing claims in a subsequent derivative action); *see Syncora Guarantee Inc. v. J.P. Morgan Secs. LLC*, 110 A.D.3d 87, 94 (1st Dep't 2013) ("[I]t is [plaintiff's] allegations, not [defendant's] responses to them, that control the outcome of [a motion based on res judicata.]").

*Second*, Plaintiff's claims are barred because he could have asserted them in the previous actions. Res judicata also bars subsequent claims "grow[ing] out of the same transaction, act, or agreement and seek[ing] redress for the same wrong." *Gentili v. Sturbridge*, 104 Mass. App. Ct. 1122, at *2 (Mass. App. Ct. Sept. 19, 2024).

In the prior actions, he alleged, as he does now, wrongful death, as well as negligence or recklessness resulting in death, all of which are covered by the state's wrongful death statute. Mass. Gen. Laws ch. 229, § 2. While he has now asserted NIED and IIED, these claims arise from the same transaction on which his claims in the previous suits were predicated: the alleged wrongful death of his mother. Res judicata therefore bars these new claims as well. *Padmanabhan v. Hulka*, 308 F. Supp. 3d 484, 491 (D. Mass. 2018) (stating that under Massachusetts law, the "statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong"); *see DaCruz-Crossely v. U.S. Bank Nat. Ass'n*, 926 F. Supp. 2d at 408–09 (holding that claims were identical for res judicata

purposes where both cases stemmed from the same mortgage and foreclosure and sought the same relief even though plaintiff presented different legal theories).

*Third*, both prior actions resulted in a final judgment on the merits. The Massachusetts District Court's dismissal for failure to state a claim constituted a final judgment on the merits. *See Saade v. Wilmington Trust, Nat'l Ass'n*, 494 Mass. 1013, 1015 (Mass. 2024) ("[D]ismissal for failure to state a claim . . . operates as a dismissal on the merits . . . with res judicata effect."); *Salvati v. Fireman's Fund Ins. Co.*, 368 F. Supp. 3d 85, 91 (D. Mass. 2019). And the action in Massachusetts state court resulted in a judgment on the merits following a jury trial. The third prong is thus indisputably met.

### b.   Issue Preclusion

Plaintiff's claims are also independently barred by the doctrine of issue preclusion (or defensive nonmutual collateral estoppel). This doctrine permits "a defendant [] who was not a party to the earlier proceeding [to] assert issue preclusion 'to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant,' . . . provided that the party against whom preclusion is asserted 'has had a full a full and fair opportunity for judicial resolution of the same issue[.]'" *Vargas-Colón v. Fundación Damas, Inc.*, 864 F.3d 14, 28 (1st Cir. 2017) (holding that hospital's parent corporation could assert issue preclusion as defense to patient's medical malpractice claim under the doctrine of nonmutual issue preclusion, even though it was not party to earlier action where patient had the opportunity to litigate an issue that was resolved against her).[6]

---

[6] Even if this Court determined that Florida rules of collateral estoppel or issue preclusion apply, the outcome would be the same. Defensive nonmutual collateral estoppel permits "a defendant who was not a party to the prior claim [to] invoke[] collateral estoppel against a plaintiff who was." *U.S. Golf Learning Inst., LLC v. Club Mgrs. Ass'n of America*, 2012 WL 768201, at *5 (M.D. Fla. Mar. 9, 2012). Defensive use of nonmutual collateral estoppel must conform to requirements of fairness, but fairness is less of a concern when estoppel is asserted defensively. *Id.* (holding that it was fair to

As indicated above, the Massachusetts federal court dismissed Plaintiff's claims because he lacked the capacity to bring them under Massachusetts law. That finding is binding here. Similarly, in *Evans v. Marvin*, Plaintiff alleged that the defendants' negligence and recklessness caused his mother's death and he was afforded the ability to try his case, resulting in directed verdict for the Steward parties and a jury verdict for the remaining defendants. *Evans*, Civil Action No. 1577-CV-00569. Although Cerberus was not a party to that action, Plaintiff has effectively alleged that Cerberus is in privity with Steward and Cerberus may thus assert issue preclusion as a defense. Even if Cerberus were not in privity with Steward, Cerberus could invoke the doctrine of nonmutual defensive collateral estoppel to bar Plaintiff from relitigating issues he already had a full and fair opportunity to litigate at trial.

Indisputably, therefore, Plaintiff had "a full and fair opportunity" to litigate the issue in the first and second actions. *See Vargas-Colón*, 864 F.3d 14, 28; *see Martinez v. Waldstein*, 89 Mass. App. Ct. 341, 345 (Mass. App. Ct. 2016) (noting that an issue is deemed to have been "litigated" for preclusion purposes when the issue was "subject to an adversary presentation and consequent judgment that was not a product of the parties' consent"); *see also Cardillo v. Zyla*, 486 F.2d 473, 475 (1st Cir. 1973) ("Collateral estoppel operates . . . only as to matters actually litigated and decided at the prior trial."). All of Plaintiff's claims are predicated on his allegation that his mother's death resulted from medical malpractice and are thus barred by issue preclusion.

Plaintiff is not entitled to a third bite at the apple and cannot pursue his claims in a piecemeal fashion, even if he purports to present new legal theories or seeks new forms of relief. *See Waldron*,

---

permit defensive use of nonmutual collateral estoppel where Plaintiffs did not claim that they did not have a full and fair opportunity to litigate in earlier action).

97 Mass. App. Ct. 1104, at *2. Because the elements of claim preclusion or issue preclusion are all satisfied, the Complaint should be dismissed, with prejudice.

## II.     All Of Plaintiff's Causes Of Action Are Time-Barred

All of Plaintiff's claims must be dismissed because they are untimely. Under Massachusetts law, which applies to Plaintiff's claims,[7] the statute of limitations for wrongful death is three years from the date of death or three years from the date on which the executor or administrator knew, or should have known, the factual basis for the cause of action. Mass. Gen. Laws ch. 229, § 2; *Fabiano v. Philip Morris USA Inc.*, 492 Mass. 361, 367 n.14 (Mass. 2023). Similarly, negligence claims must be brought within three years after the cause of action accrues. Mass. Gen. Laws ch. 260, § 2(A); *Hutchins v. Shatz, Schwartz and Fentin, P.C.*, 494 B.R. 108, 118 (Bankr. D. Mass. 2013). Plaintiff's "emotional distress claims are governed by the personal injury statute" and likewise subject to a three-year limitations period. *J.S.H. v. Newton*, 654 F. Supp. 3d 7, 16 (D. Mass. 2023). The facts giving rise to all of Plaintiff's claims are the hospitalization of Plaintiff's mother, the alleged failure to monitor her condition and address her medical needs, and her ultimate death. Compl. at 7. Separately, Plaintiff alleges that his claims for IIED and NIED arose when he learned of certain financial transactions that allegedly occurred in 2016. *Id.* at 8–9. However, Plaintiff does not claim that Cerberus did anything wrong, whether negligently or intentionally, after 2016 and thus there is no basis for any more current claim.

---

[7] In determining which law applies, a "federal district court sitting in diversity must apply the choice of law rules of the forum state." *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018). Florida has adopted the "significant relationships test" for causes of action that arise out of a tort. *Id.* "The place of injury still determines which state's law applies, unless some other state has a more significant relationship to the issues." *See Gonzalez-Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1194 (M.D. Fla. 2002) (applying Florida choice-of-law rules to Plaintiffs' claims for negligence resulting in a death and determining that Florida law applies because Florida was where decedent received most of his medical treatment and ultimately died). Massachusetts law applies to Plaintiff's claims because that is where his mother was hospitalized, treated, and where she ultimately passed away.

All of Plaintiff's claims thus expired a decade ago in 2015. For this independent reason, his claims should be dismissed.[8]

### III.   Plaintiff's Causes Of Action Are Insufficient As A Matter Of Law[9]

#### a.   Plaintiff's Negligence And Wrongful Death Claims Fail Because The Alleged Misconduct Took Place After Plaintiff's Mother Died

To establish a negligence claim, the plaintiff must "prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted, and that there was a causal relation between the breach of the duty and the damage." *Navarro v. Burgess*, 99 Mass. App. Ct. 466, 469 (Mass. App. Ct. 2021). "Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence . . . It is very great negligence, or the absence of slight diligence, or the want of even scant care." *McLeod v. Fessenden Sch.*, 624 F. Supp. 3d 45, 51 (D. Mass. 2022).

The wrongful death statute in Massachusetts reads: "A person who (1) by his negligence causes the death of a person, or (2) by willful, wanton or reckless act causes the death of a person under such circumstances that the deceased could have recovered damages for personal injuries if his death had not resulted . . . shall be liable in damages[.]" Mass. Gen. Laws ch. 229, § 2.

---

[8] Plaintiff's claims are time-barred even if the Court determines that Florida law applies. Under Florida law, the statute of limitations is two years for wrongful death, negligence, and NIED claims, *see* Fla. Stat. § 95.11(5)(a); and four years for IIED claims, *see* Fla. Stat. § 95.11(3)(n); *see also Merritt v. Knowles*, 2025 WL 1952035, at *6 (M.D. Fla. July 16, 2025).

[9] In considering a Rule 12(b)(6) motion, the Court accepts all properly pleaded allegations as true and draws reasonable inferences in the non-moving party's favor. A complaint survives only where it contains sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The Massachusetts wrongful death statute "largely incorporates common law tort principles, such as factual and legal causation." *Geigel v. Boston Police Dept.*, 2024 WL 68387, at *5 (D. Mass. Jan. 5, 2024) (quotations omitted). Plaintiff's claim for wrongful death sounds in recklessness.

Plaintiff's claims for negligence, gross negligence, and wrongful death each fail because the Complaint does not allege any of the basic elements sufficient to establish those claims.

*First*, Plaintiff does not allege any duty that Cerberus owed to him or to his mother. All that Plaintiff alleges is that Cerberus, along with other Defendants, "operated Steward Health Care[,]" the company that owned the hospital where Plaintiff's mother was treated. Compl. at 9. But that is not enough. *See Dewberry Grp., Inc. v. Dewberry Eng'rs Inc.*, 604 U.S. 321, 327 (2025) ("[I]t is long settled as a matter of American corporate law that separately incorporated organizations are separate legal units with distinct legal rights and obligations."). Plaintiff does not identify any obligation Cerberus supposedly owed and instead resorts to group pleading. *See* Compl. at 10 (alleging that all Defendants owed a duty to ensure the hospital was maintained properly). However, the U.S. Supreme Court recently reaffirmed well-settled principles that allegations against defendants must be concrete and individualized to survive a Rule 12(b)(6) motion. *See Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 294 (2025).

*Second*, Plaintiff's negligence and wrongful death claims fail for lack of causation. *See Evans*, Civil Action No. 1577-CV-00569 (resulting in verdict against Plaintiff on all claims based on a determination that Defendants did not cause Plaintiff's mother's death). Plaintiff fails to allege that Cerberus contributed to his mother's death or did anything that otherwise caused him harm. *See Freni v. Uber Techs., Inc.*, 103 Mass. App. Ct. 1116, at 2–3 (Mass. App. Ct. 2023) (affirming dismissal of plaintiff's negligence claim for failure to plead causation). At the very most, Plaintiff

14

alleges that Cerberus participated in certain transactions in 2016 and that when he later learned of those transactions, he was distressed.

Plaintiff alleges that Cerberus somehow contributed to his mother's death thirteen years ago by participating in a series of transactions that amounted to "financial deprivation" of the hospital where she died in 2012. Compl. at 7. Plaintiff alleges that Cerberus assisted in negotiating the Sale-Leaseback Agreement in 2016 and that Cerberus received unspecified and undated "dividend distributions." *See id.* at 8 (alleging that Cerberus "designed the financial structure enabling these extractions"). Plaintiff's claims against Cerberus are predicated on these transactions and fail because Plaintiff does not—and cannot—explain how these long-ago financial transactions, could have caused (or even contributed to) the death of his mother four years earlier. To be sure, none of the alleged "financial looting, undercapitalization, asset-stripping," etc., that Plaintiff complains of took place before 2012.[10] There is thus a basic mismatch between the timing of these alleged transactions and the cause of Plaintiff's mother's death, which he alleges was the proximate result of the failure to provide her with "adequate monitoring or timely medical intervention." *Id.* at 11. Plaintiff fails to plead the causal element.

Plaintiff also alleges, with respect to Counts I and III for negligence and wrongful death, that he suffered emotional distress, loss of companionship, mental anguish, emotional pain, and trauma. *Id.* at 11–12. "Since the plaintiff is only suing in a representative capacity, it is axiomatic that [he] may not bring [his] own personal injury claims" with respect to these causes of action. *Gaines v. General Motors Corp.*, 789 F. Supp. 38, 43 (D. Mass. 1991).

---

[10] Plaintiff fails to allege anywhere in his Complaint what impact, if any, the hospital's finances had on day-to-day hospital operations, let alone on the specific medical treatment his mother received.

Because Plaintiff has failed to allege a duty owed by Cerberus and a causal connection between the alleged misconduct and death, the Court should dismiss his negligence, gross negligence, and wrongful death claims.

**b.     Plaintiff Has No Claim For Negligent Or Intentional Infliction Of Emotional Distress**

Plaintiff fails to state a claim for NIED or IIED. To assert a claim for NIED, a plaintiff must plead: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm; and (5) that a reasonable person would have suffered emotional distress under the circumstances." *Elliott-Lewis v. Lab'ys*, 378 F. Supp. 3d 67, 71 (D. Mass. 2019) (citing *Alicea v. Commonwealth*, 466 Mass. 228, n.9 (Mass. 2013)). Plaintiff cannot recover unless he has suffered physical harm. *Id.*; *Gaines*, 789 F. Supp. 38, 43.

As mentioned above, Plaintiff altogether fails to allege that Cerberus owed him any duty of care, and his allegations that Cerberus negligently breached any such duty, thereby causing him emotional distress, are nothing more than unsupported legal conclusions. Compl. at 13. ("The emotional distress was caused by Defendants' creation of dangerous hospital environments through reckless financial decisions."). Moreover, Plaintiff fails to allege that he suffered any physical harm as a result of Defendants' conduct. His allegations that, after moving to Florida, he was traumatized and diagnosed with PTSD upon learning "about the conditions in which his mother died" are insufficient. *See Heinrich ex rel. Heinrich v. Sweet*, 49 F. Supp. 2d 27, 40 (D. Mass. 1999) (dismissing plaintiff's NIED claims grounded in "serious mental and emotional injuries "because, under Massachusetts law, a plaintiff cannot recover for NIED absent physical injuries).

The standard of proof for IIED is considerably higher. Under Massachusetts law, Plaintiff must prove: "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the

defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." *Connolly v. Woburn Public Schs.*, 659 F. Supp. 3d 92, 117 (D. Mass. 2023) (quoting *Sena v. Commonwealth*, 417 Mass. 250, 263–64 (Mass. 1994)). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* "Given the ephemeral nature of the purported harm, courts have narrowly construed the tort," and in Massachusetts, a plaintiff must show that there was "substantially contemporaneous knowledge of the outrageous conduct, and a severe emotional response." *Heinrich*, 49 F. Supp. 27 at 39.

Plaintiff's allegations that Cerberus acted with intent are conclusory. His Complaint does not specify how Cerberus, by supposedly facilitating certain financial transactions, could have been acting with "deliberate disregard" of a risk of severe emotional distress to him as the son of a patient who had passed away years before.

Plaintiff's factual allegations as to the remaining elements of his IIED claim are inadequate. Plaintiff contends that Cerberus "extract[ed] massive sums of cash from Steward" and "drained Steward of more than a billion dollars through sale-leaseback transactions, debt-inducing restructurings, and excessive insider compensation." Compl. at 6. Plaintiff's allegations are vague and unspecific, and do not indicate how this conduct can be characterized as "atrocious," "intolerable in a civilized community," or "beyond all possible bounds of decency." *Connolly*, 659 F. Supp. 3d 92 at 117; *see also Bradley v. Wells Fargo Bank, N.A.*, 663 F. App'x 4, 6–7 (1st Cir. 2016) (holding that district court did a "bang-up job" in dismissing IIED claim that alleged "[t]he actions of the defendants and/or their agents caused" him "financial loss and negligently or intentionally inflicted emotional distress, anxiety, and embarrassment," and where "*everything* [plaintiff] talked about in the complaint intentionally inflicted emotional distress on him.").

Plaintiff's allegations are inconsistent with any plausible assertion of causation because Cerberus's conduct in 2016 could not have caused his mother's death in 2012 and nothing he purportedly learned *after* recently reviewing "investigative materials" about the 2016 financial transactions, Compl. at 8, could possibly alter that reality. *See Heinrich*, 49 F. Supp. 27 at 39–40 (holding that family members could not recover for distress they suffered after finding out relatives had been subjected to involuntary medical experimentation).

### IV.     Plaintiff Has No Basis To Pierce Steward's Corporate Veil To Hold Cerberus Liable

As demonstrated above, Cerberus is not factually or legally responsible for the death of Plaintiff's mother or his own resulting distress. In addition, Plaintiff is barred by principles of claim and issue preclusion because he lost a defense verdict many years ago after trial against non-party Steward. Even if the possibility of Steward's liability were presented, and it assuredly is not, there is no basis to pierce the corporate veil to hold Cerberus accountable for that non-existent liability.

Plaintiff thus has no viable claims against Steward, and additionally, he has not alleged any grounds that would permit this Court to "pierce" Steward's corporate veil to hold Cerberus liable on a vague theory that "Cerberus controlled Steward's capital structure" and other corporate matters. Compl. at 9. Cerberus was not Steward's parent (nor does Plaintiff allege this), but in any event, it is "a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States ex rel. Lokosky v. Acclarent, Inc.*, 270 F. Supp. 3d 526, 531 (D. Mass. 2017) (quotations omitted). "A corporation is an independent legal entity, separate and distinct from its shareholders, officers, and employees." *In re Raymond*, 529 B.R. 455, 476, n.22 (Bankr. D. Mass. 2015) (citing *Leventhal v. Atlantic Fin. Corp.*, 316 Mass. 194, 198 (1944)).

Veil piercing is a remedy used only in "rare" situations, where the principal exercises "pervasive control" over the activities of the company and "there is some fraudulent or injurious consequence as a result," or where "there is a confused intermingling of activity" between corporations engaged in a common enterprise, "with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting." *Malaro v. Wilkie*, 640 F. Supp. 3d 192, 196 (D. Mass. 2022).

Massachusetts courts may consider the following nonexclusive factors in determining whether to pierce the corporate veil: "(1) common ownership; (2) pervasive control; (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporation's funds by dominant shareholder; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud." *Id.*; *TechTarget, Inc. v. Spark Design, LLC*, 746 F. Supp. 2d 353, 356 (D. Mass. 2010). Plaintiff alleges no facts which, if proven, could possibly support the disregard of Steward's corporate separateness. To the contrary, the applicable relevant factors weigh overwhelmingly against piercing the corporate veil.

Plaintiff's only allegations are that Cerberus, along with other Defendants, "operated Steward Health Care" and "control[led]" its capital structure and other decisions. Compl. at 9. But such threadbare allegations are insufficient as a matter of law. *See Newbauer v. Carnival Corp.*, 2 F.4th 931, 934 (11th Cir. 2022) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth."). Further, Plaintiff has not alleged any "fraudulent or injurious consequence of the intercorporate relationship." *Malaro*, 640 F. Supp. 3d at 196. His

conclusory assertion that Cerberus "abus[ed] the corporate form to extract money" is insufficient. Compl. at 9.

Plaintiff's allegations that Defendants supposedly "abus[ed] the corporate form[,]" "controlled Steward's capital structure" and other financial matters, had overlapping operations and leadership, and supposedly "commingl[ed] . . . capital," are all conclusory and inadequate. *Id.* at 6–7, 9–10. No supporting facts are alleged, just a string of legal conclusions. Plaintiff does not allege that Steward failed to pay dividends using proper corporate formalities. *See id.* at 8. Similarly, Cerberus did not receive funds from the 2016 transaction and Plaintiff does not allege any facts to support the false allegation that Cerberus "siphoned" away funds or used the corporation for improper transactions or to promote fraud. *See TechTarget, Inc.*, 746 F. Supp. 2d at 357 (refusing to disregard corporate formalities where Plaintiff failed to allege supporting facts). Nor does Plaintiff allege that Steward was insolvent at the time it engaged in the alleged misconduct in 2012; at most, he makes conclusory statements that Steward was "undercapitalize[ed]" without reference to time. Compl. at 8, 10. Lastly, Plaintiff does not allege that Steward failed to observe corporate formalities or keep corporate records, or that Steward's officers and directors failed to do their corporate jobs. *See Malaro*, 640 F. Supp. 3d at 196.[11]

In sum, viewed in its entirety, the Complaint does not allege any basis to pierce Steward's corporate veil, and in any event a jury has concluded that Steward had no liability.

## **CONCLUSION**

Accordingly, the Court should dismiss all the claims against Cerberus, with prejudice.

---

[11] The outcome would be the same if the Court applied Florida law because courts in Florida consider similar factors in determining whether to pierce the corporate veil. *See In re Fundamental Long Term Care, Inc.*, 507 B.R. 359, 373 (Bankr. M.D. Fla. 2014). And as is the case under Massachusetts law, mere corporate shareholder ownership is an insufficient reason to pierce the veil. *See Oginsky v. Paragon Properties of Costa Rica, LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011).

Dated: January 9, 2026          Respectfully submitted,

*/s/ Gabriela M. Ruiz*
Gabriela M. Ruiz
gruiz@kingruiz.com
Florida Bar No. 46844
KING & RUIZ LLP
2 S Biscayne Blvd., Suite 3200
Miami, FL 33131
(305) 395-4984

*Counsel for Defendant Cerberus Capital Management, L.P.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on January 9, 2026, I electronically filed the foregoing with the

CM/ECF system which will send an electronic Notice of Filing to all counsel of record.

<u>*/s/ Gabriela M. Ruiz*                          </u>